UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BILLY ARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00277-WTL-DKL |
| ) | |
| MARK SEVIER, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Post-Judgment Motions**

Petitioner Billy Ard, a state prisoner, filed this action for habeas corpus relief asserting that a prison disciplinary proceeding identified as No. ISF 15-06-304was tainted with constitutional error. After consideration of the pleadings and the expanded record, the Court concluded otherwise and therefore denied Ard's petition. Ard filed two motions following the entry of final judgment. These are (1) his motion for reconsideration filed on October 4, 2016, and (2) his motion for reconsideration of the denial of his motion for an evidentiary hearing filed on September 23, 2016.

**I.**

Final judgment was entered in this action for habeas corpus relief on September 26, 2016. Based on the timing and the content of Ard's motion for reconsideration filed on October 4, 2016, the motion is treated as a motion to alter or amend judgment. *See Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008)("whether a motion filed within [28] days of the entry of judgment should

be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it")(emphasis in original) (citing *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006)).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. The court did not misapprehend Ard's claims and did not misapply the law to those claims. Ard did not challenge the sufficiency of the evidence and there was no violation of the limited procedural protections prescribed in *Wolff v. McDonnell,* 418 U.S. 539 (1974). Accordingly, the motion for reconsideration filed on October 4, 2016, treated as a motion to alter or amend judgment, [dkt 41] is **denied**.

## II.

In the course of this case, the Court considered and denied Ard's motion for an evidentiary hearing. He seeks reconsideration of that ruling. Of course, since final judgment has been entered and the motion to alter or amend judgment has been denied, there is no longer a "case" to develop through an evidentiary hearing or in any other fashion. Apart from this, such a step is only

necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. Accordingly, Ard's motion to reconsider the denial of his motion for an evidentiary hearing [dkt 39] is **denied.**

    IT IS SO ORDERED.

Date: 10/11/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Billy Ard, #956195, Westville Correctional Facility, Inmate Mail/Parcels, 5501 South 1100 West, Westville, IN 46391